*322
 
 PeaesON J.
 

 Tbe allegations of tbe bill present tbis question of law: a creditor fraudulently aids and assists tbe principal debtor in removing out of tbe county, with an intent to binder, delay and defraud tbe surety in bis remedy, against tbe principal, for tbe amount that be afterwards would be compelled to pay to tbe creditor; bas tbe surety an equity to in-join tbe collection of tbe debt from bim, and bave it considered discharged, so far as be is concerned, by tbe fraud of tbe creditor?
 

 Tbe mere statement is enough to show that it is against conscience for tbe creditor, after removing tbe principal to re-require tbe surety to pay tbe money. Every one from a natural sense of justice, will exclaim at once “be ought to be enjoined.”
 

 As a surety receives no part of tbe consideration and is not beneiitted in any way, and binds himself merely for accommodation, be is looked upon with favor to some extent in a court of Equity, or rather be is allowed to stand strictly upon bis rights. If, therefore, tbe creditor without bis consent modifies tbe contract in any way, or does any act by which he is prejudiced, it operates as a discharge :e. g. if the creditor enters into a binding contract with tbe principal, by which further time is given for payment, tbe surety is discharged— He maysay, “ Iagreed to stand bound for sixmontbs, youhad no right to extend tbe time to twelve months, and to take from from me tbe right at tbe end of tbe six months, to pay up tbe money and sue my principal, Adams, E. 107. Tbe doctrine is carried much further in some of tbe States. It is held, that if tbe creditor refuses, or neglects to sue at the request of tbe surety,-it amounts to a discharge. We do not go so far, but tbe doctrine is sound to the extent laid down above. If so, the question before us, where the creditor does an act
 
 frcmdm-Zentlj
 
 with an intent to injure tbe surety, is too plain for argument.
 

 Tbe defendant insists, that upon tbe plaintiffs own showing be bad a remedy at law, by an action under tbe statute for
 
 *323
 
 fraudulently removing a debtor, March v. Wilson, Bus. 143, Booe v. Wilson, Jones 182, were actions at common law; so we may, for the sake of argument, suppose that the plaintiff has a remedy under the statute, but if we assume it, there is an equitable ingredient in our case, by which the court is induced to take jurisdiction, i. e., the creditor is the party who has been guilty of aiding and assisting in the fraudulent removal of the debtor, so if he recovers with one hand, he is bound to pay back with the other. Now, apart from the consideration, that equity seeks to avoid multiplicity of suits, and that to receive with one hand and pay back with the other is not only useless, but can be of no advantage to the one, and may put the other party to inconvenience, probably subject him to loss, we have here the equitable ingredient that the conduct of the creditor has not only given to the plaintiff a cross action, but it amounts in equity to. a discharge of the debt, so far as the surety is concerned and gives him aright to demand a release or a perpetual injunction.
 

 The law being with the plaintiff, the next question is in regard to the facts. Much evidence was read on both sides, and serious impeachment is made of many of the witnesses, in respect to character, so that we find the questions of fact cannot be satisfactorily decided by us, upon depositions, when one witness looks just as good as another, no opportunity to pass upon the degree of is entitled, by observing his looks, as is the ca|e upon jury trials. Besides according t®,our j positions it is impossible to make the j'_ give the test of cross examination, tl !e force has, when the witness is in the preseno^oltM'jury. must be tided by an issue submitted to
 

 The defendant, Hays, denies that he aided in removing the other defendant, Helton, and he insists, by way of justification, (supposing he did aid in the removal) that the plaintiff has no ground to complain, for that Helton had let the plain
 
 *324
 
 tiff bave a borse and other property, in consideration that be would pay the debt to Hays, whereby the plaintiff became the principal debtor, to whom Hays was to look in the first instance for payment.
 

 If this be the fact, there is no question that it is a full answer to the plaintiff’s equity; an issue will also be submitted to the jury, to try this allegation — Fisher v. Carroll, Jones’ Law
 
 27
 
 S. C. 6, Ire Eq. 485.